UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ESMERALDA M.,[1]

|                              |                   |
|------------------------------|-------------------|
| Plaintiff,                   | Case # 20-CV-1259-FPG |
| v.                           | DECISION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, |               |
| Defendant.                   |                   |

## INTRODUCTION

Plaintiff Esmeralda M. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 16, 17. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In August 2017, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 71. She alleged disability since August 2015 due to, *inter alia*, diabetes, asthma, and depression. Tr. 71-72. In August 2019, Administrative Law Judge Rosanne M. Dummer ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 20-35. In July 2020, the Appeals

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 13, 14.

Council denied Plaintiff's request for review.   Tr. 1-4.   This action seeks review of the Commissioner's final decision.   ECF No. 1.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g).   The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.   42 U.S.C. § 405(g).   "Substantial evidence means more than a mere scintilla.   It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted).   It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II.   Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986).   At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b).   If so, the claimant is not disabled.   If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities.  *Id.* § 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled."  If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id.* § 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work.  *Id.* § 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  *Id.*  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id.* § 416.920(g).  To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience.  *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits under the process described above.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 2017, her application date.  Tr. 22.  At step two, the ALJ found that Plaintiff had severe impairments of scoliosis, obesity, history of learning disorder, and major depressive disorder.  *Id.*  At step three, the ALJ found that these impairments did not meet or medically equal any Listings impairment. Tr. 23.

Next, the ALJ determined that Plaintiff had the RFC to perform medium work with additional limitations.  Tr. 24.  At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 33.  At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform.  Tr. 33-35.  The ALJ therefore found that Plaintiff was not disabled.  Tr. 35.

**II.    Analysis**

Plaintiff argues that, in crafting the RFC, the ALJ erroneously concluded Plaintiff could interact with the public occasionally but could otherwise "tolerate work-related and task-oriented interaction with others in the work setting."  Tr. 24; *see* ECF No. 16-1 at 12.  The Court disagrees.

Much of Plaintiff's argument is, in essence, that some record evidence is inconsistent with the ALJ's findings on the severity of Plaintiff's mental impairments.  *See* ECF No. 16-1 at 13-16. That is immaterial, however.  "[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position."  *Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018).  A claimant cannot obtain remand merely by citing "evidence that

arguably supports more restrictive limitation"; she must "articulate how the ALJ's [contrary] finding . . . was *erroneous*." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at \*6 (W.D.N.Y. May 28, 2019) (emphasis added).

Plaintiff has not met this standard.  None of the relevant medical opinions in the record supported more restrictive social limitations than those found by the ALJ.  Consultative examiner Janine Ippolito, Psy.D., opined that Plaintiff was capable of "interact[ing] adequately with supervisors, coworkers, and the public."  Tr. 391.  The state agency consultant likewise found that Plaintiff was only mildly limited in her ability to interact with others, and not "significantly limited" in her ability to work "in coordination with or in proximity to others without being distracted by them."  Tr. 75, 81.  The ALJ found these opinions persuasive, Tr. 31, 33, and Plaintiff does not articulate why the ALJ erred in relying on them.  While Plaintiff seems to suggest that, in light of the underlying medical records, the ALJ should have taken a different view than the medical sources, the Court cannot fault the ALJ for declining to "rely on his own lay interpretation" of Plaintiff's mental health records to craft the RFC.  *Paul V. v. Comm'r of Soc. Sec.*, No. 20-CV-688, 2022 WL 2114799, at \*4 (W.D.N.Y. June 13, 2022) ("[A]n ALJ cannot make common sense judgments about mental health impairments." (quoting another source)).

In addition, Plaintiff criticizes the ALJ for failing to explain why he limited Plaintiff to occasional interaction with the public but did not extend that limitation to co-workers or supervisors.  *See* ECF No. 16-1 at 17.  However, because that social limitation is *more* restrictive than the relevant medical opinions, and was included to accommodate Plaintiff's testimony, *see* Tr. 31, any error is not grounds for remand.  *See Baker v. Berryhill*, No. 15-CV-943, 2018 WL 1173782, at \*2 (W.D.N.Y. Mar. 6, 2018) ("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.").

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 11, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York